**Dean Lyle SEXTON, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2008–SC–000235–KB.**

Supreme Court of Kentucky.

May 22, 2008.

---

### OPINION AND ORDER

Movant, Dean Lyle Sexton, KBA Member No. 82668, petitions this Court to enter an order permanently disbarring him from the practice of law in the Commonwealth of Kentucky. The Movant was admitted to the practice of law in the Commonwealth of Kentucky on November 4, 1988, and his last known address is 7711 Stone Ledge Rd., Louisville, Kentucky 40291. Movant requests permanent disbarment for the numerous violations of the Kentucky Rules of Professional Conduct described below.

### KBA FILE 7639

In 1999, Movant opened a new escrow account in addition to the one he had at Fifth Third Bank in Louisville, Kentucky. Movant began making deposits into the new escrow account and neglected to properly deposit funds into his previously existing escrow account, though he continued to write checks from the old account. Between July and September 1999, Movant wrote fifty-one (51) checks on his previously existing escrow account, resulting in fifty-one (51) overdrafts on that account.

As a result the above conduct, the KBA Inquiry Commission charged Movant with a violation of SCR 3.130–1.15(b) (failure to provide funds to a client) (Count I), and a violation of SCR 3.130–8.3(c) (dishonesty, fraud, deceit or misrepresentation) (Count II). Movant admits that his conduct as described in Count I violates SCR 3.130–1.15(b), in that his gross negligence in maintaining his escrow account delayed delivery of funds to clients and third persons entitled to receive said funds. Mov-

ant, however, denies Count II, that his overdrafts were the result of dishonesty, fraud, deceit or misrepresentation, and requests dismissal of that charge.

## KBA FILE 8521

Movant handled closings and funding on mortgage loans for American Liberty Financial, Inc. ("American Liberty"), a mortgage broker. Beginning in early 2001, Movant became delinquent in his remittances to American Liberty after he had concluded several real estate closings. In May or June 2001, several weeks after Movant should have remitted payment, he brought his payments current.

In the summer of 2002, Movant abandoned his bar roster address and did not notify the Director of the Kentucky Bar Association of his change of address within thirty (30) days of the change. On July 16, 2002, Movant was personally served by the Jefferson County Sheriff with a copy of the underlying bar complaint in KBA file # 8521 and subsequently knowingly failed to respond to the complaint.

As a result of the above conduct, Movant was charged by the Inquiry Commission (by amended charge) with a violation of SCR 3.130–8.1(b) (failure to comply with request from a disciplinary authority) and SCR 3.175 (failure to timely notify KBA Director of change of address). Movant admits that his conduct violated SCR 3.130–8.1(b) and SCR 3.175.

## KBA FILE 8617

Movant handled a real estate closing for a lender in June 1998 involving the purchase of a home by Frances Thomas from builder Don Kincaid. At the time of the closing, Movant overlooked the issue of the responsibility for, and payment of the 1998 property taxes. As a result, Ms. Thomas subsequently received a delinquent property tax notice. Movant thereafter obtained the funds from Mr. Kincaid to pay his pro-rata share of the 1998 property taxes. Movant did not pay these funds toward the taxes.

Movant also failed to record the deed that had been executed at the closing. Movant then prepared and recorded a newly executed second deed between the parties on September 22, 1998. At the second closing, Movant advised Ms. Thomas that in view of his error, he would pay her pro-rata share of the taxes, penalties and interest. Movant did not pay the taxes as promised.

Ms. Thomas sued Movant in the Oldham Circuit Court on August 14, 2001. Movant was served with the suit, but did not file an answer. The court entered a default judgment against the Movant on March 12, 2002 and thereafter held a bench trial on the issue of damages. Movant did not appear at trial. The court entered a judgment awarding Ms. Thomas $3,423.64 plus 12% interest.

During the investigation of this matter, Movant abandoned his bar roster address and did not notify the Director of the Kentucky Bar Association of his change of address within thirty (30) days of the change.

As a result of the above conduct, Movant was charged by the Inquiry Commission with violations of: SCR 3.130–4.4 (using means that have no substantial purpose other than to embarrass, delay or burden a third person) (Count I); SCR 3.130–1.15(b) (failure to provide funds to a client) (Count II); SCR 3.175 (failure to timely notify KBA Director of change of address) (Count III); and SCR 3.130–8.3(c) (dishonesty, fraud, deceit or misrepresentation) (Count IV). Movant admits that his conduct violated SCR 3.130–4.4, SCR 3.130–1.15(b), SCR 3.175, and SCR 3.130–8.3(c).

## KBA FILE 9982

Leroy Mitchell hired Movant in late July 2002 to represent Mr. Mitchell in two legal matters. Mr. Mitchell paid Movant a total of $1,500.00 as a retainer fee on July 25, 2002. Mr. Mitchell filed a bar complaint against Movant relative to his representation of Mr. Mitchell. On November 14, 2002, Mr. Mitchell's bar complaint was mailed to Movant's listed bar address. However, Movant had changed his bar roster address without notifying the Director of the Kentucky Bar Association of his change of address within thirty (30) days of the change. As a result of his representation of Mr. Mitchell, Movant was charged by the KBA Inquiry Commission with various violations of the Kentucky Rules of Professional Conduct. The charges were thereafter amended to charge Movant only with a violation of SCR 3.175 (failure to timely notify KBA Director of change of address). Movant admits that his conduct constituted a violation of SCR 3.175.

## KBA FILE 9991

Sarah LeBlanc hired Movant during the summer of 2000 to represent her in a dispute over an automobile accident. The matter was successfully settled in mediation in December 2001. Movant received a settlement check from the opposing party, payable to both Ms. LeBlanc and Movant. Ms. LeBlanc accompanied Movant to the bank on or about January 8, 2002 and cashed the check. Movant advised Ms. LeBlanc that he was going to pay the mediator's fee. Movant took his fee from the check as well as $397.50 to pay the mediator's fee. Movant did not pay the mediator's fee. In May 2002, the mediator sued Ms. LeBlanc in Jefferson District Court for his fee of $397.50. Ms. LeBlanc paid the fee and the suit was dismissed. Ms. LeBlanc made several attempts to contact Movant regarding his breach of promise to pay the mediator and to seek return of the money. Ms. LeBlanc was unable to contact Movant. On November 14, 2002, Ms. LeBlanc's bar complaint was mailed to Movant's listed bar address. The mail was returned as Movant had changed his address. Movant failed to notify the Director of the Kentucky Bar Association of his change of address within thirty (30) days of the change.

As a result of the above conduct, Movant was charged by the Inquiry Commission with violations of: SCR 3.130–4.4 (using means that have no substantial purpose other than to embarrass, delay or burden a third person) (Count I); SCR 3.130–1.3 (diligence) (Count II); SCR 3.130–1.4(a) (communication) (Count III); SCR 3.130–1.15(b) (failure to provide funds to a client) (Count IV); SCR 3.130–8.3(c) (dishonesty, fraud, deceit or misrepresentation) (Count V); and SCR 3.175 (failure to timely notify KBA Director of change of address) (Count VI). Movant admits that his conduct constituted violations of SCR 3.130–4.4, SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–1.15(b), SCR 3.130–8.3(c), and SCR 3.175.

## KBA FILE 10128

On February 13, 1998, Daniel and Wanda Cain (hereinafter the "Cains") entered into a ten-year mortgage with the Kruger Financial Group ("Kruger") to refinance their home. Movant was the closing attorney for the loan. At the closing, the Cains signed a form indicating the monthly payment was to be $459.93, with the first payment due on April 1, 1998. Kruger immediately sold the Cains' mortgage to Washtenaw Mortgage Company ("Washtenaw"). When the Cains made their first payment to Washtenaw, they were informed that the payment was deficient in the amount of $11.73. Further inquiry by

the Cains revealed that Movant had forged, directed to be forged, or knew about and consented to the forgery of initials of the Cains to a change in the amount of their monthly payments.

The Cains filed suit in Jefferson Circuit Court against Kruger on September 18, 1998. Movant was later added as a defendant. Movant answered the suit, but his answer was stricken from the record for his failure to obey the court's order compelling him to respond to a discovery request. A default judgment was entered against Movant on April 8, 2002. A jury awarded the Cains $700.00 in compensatory damages and $6,500.00 in punitive damages against Movant and Kruger. In awarding punitive damages, the jury specifically found that Movant had acted toward the Cains with oppression or fraud.

The bar complaint relative to the above transaction and resulting lawsuit was served on Movant on March 24, 2003. In his response dated July 28, 2003, Movant denied any involvement in the forgery and stated that he would begin making monthly payments on the judgment to the Cains beginning on August 1, 2003, until the Cains were made whole.

In a letter to bar counsel dated September 23, 2003, Movant made the statement that he had made a payment to the Cains through their counsel, when, in fact, Movant had not made any payment as of that date. In May 2004, Movant, by counsel, stated that he had been making regular monthly payments to the Cains in the amount of $100.00, when, in fact, the Cains had only received three $100.00 payments, the last being in November 2003. In August 2004, the Cains settled the outstanding judgment with Movant for $2,500.00.

As a result of the above conduct, Movant was charged by the Inquiry Commission with violations of: SCR 3.130–3.4(c) (knowingly failing to abide by the rules of a tribunal) (Count I); SCR 3.130–8.1(a) (making a false statement to a disciplinary authority) (Count II); and SCR 3.130–8.3(c) (dishonesty, fraud, deceit or misrepresentation) (Count III). Movant admits that his conduct constituted violations of SCR 3.130–3.4(c), SCR 3.130–8.1(a), and SCR 3.130–8.3(c).

## KBA FILE 10536

Movant was retained by Thomas E. Swicegood, Esq., in January 2002 regarding the sale of real property in Louisville, Kentucky. At the closing, Movant, per an agreement with Mr. Swicegood, kept $4,200.00 of Mr. Swicegood's money in Movant's escrow account with the understanding that it was to be used to pay off the lien of Wells Fargo Mortgage Company. Wells Fargo Mortgage Company released its lien on the property on May 15, 2002, without requiring payment of the money being held by Movant. In October 2002, Mr. Swicegood contacted Movant and demanded return of the money. Movant advised Mr. Swicegood that he had spent the money and would pay Mr. Swicegood within seven days. Movant did not pay Mr. Swicegood as promised and did not respond to Mr. Swicegood's continued requests for information between October 2002 and April 30, 2003. It was not until September 20, 2004 that Mr. Swicegood was fully repaid.

As a result of the above conduct, Movant was charged by the KBA Inquiry Commission with violations of: SCR 3.130–1.4(a) (communication) (Count I); SCR 3.130–1.15(b) (failure to provide funds to a client) (Count II); and SCR 3.130–8.3(c) (dishonesty, fraud, deceit or misrepresentation) (Count III). Movant admits that his conduct constituted violations of SCR 3.130–1.4(a), SCR 3.130–1.15(b), and SCR 3.130–8.3(c).

## KBA FILE 11636

In late 2002, Fifth Third Bank in Louisville foreclosed on Movant's office condominium. During the foreclosure process, the bank discovered several boxes of client files that Movant had left when he abandoned his law practice in the summer of 2002. Movant had not notified his clients prior to abandoning his practice and their files. In 2003, this Court appointed R. Van Young, Esq., as Special Commissioner in the case *Kentucky Bar Association v. Dean Lyle Sexton*, 2002–SC–1066–KB. In performing an inventory of Movant's files, Mr. Young discovered over 2800 client files. Mr. Young made substantial efforts to contact each client, but was only successful in returning twelve files at the request of former clients of the Movant.

As a result of Movant's abandonment of his law practice and client files, Movant was charged by the Inquiry Commission with violating SCR 3.130–1.16(d) (protecting a client's interest upon termination of representation). Movant admits that his conduct was in violation SCR 3.130–1.16(d).

## KBA FILE 14610

Movant was indicted on May 2, 2006 by the Grand Jury of the United States District Court for the Western District of Kentucky on one count of Conspiracy to Commit Wire Fraud. On November 15, 2006, Movant pled guilty to said charge and was subsequently sentenced to thirty (30) months in prison. Movant acknowledges that, as a result of the above conviction, the KBA Inquiry Commission has grounds to issue a charge against him.

On February 4, 2003, Movant was suspended from the practice of law for failure to pay bar dues, and has not been restored or reinstated to practice. In 2002–SC–1067–KB, this Court on April 24, 2003, temporarily suspended Movant from the practice of law for the acts described above in KBA Files 9982 and 9991. Pursuant to SCR 3.166, Movant was again temporarily suspended from the practice of law effective November 16, 2006, the day following the entry of Movant's plea of guilty as described above in KBA File 14610. The KBA filed a Notice of Filing on June 29, 2007 in 2007–SC–461–KB. On September 20, 2007 the Court entered an Order Confirming Automatic Suspension.

Movant seeks to terminate all of the proceedings in KBA Files 7639, 8521, 8617, 9982, 9991, 10128, 10536, 11636, and 14610 by resigning under terms of permanent disbarment. The Kentucky Bar Association has no objection to the Movant's Motion to Resign Under Terms of Permanent Disbarment.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Movant, Dean Lyle Sexton, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky. This disbarment shall commence on the date of the entry of this Opinion and Order.

2. Movant is ordered to pay the costs of this investigation and proceeding as certified by the Kentucky Bar Association in the amount of $32,990.24, for which execution may issue upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Movant shall, where he has not already done so, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his disbarment from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

4. Movant is also ordered to immediately cancel and cease any and all legal advertising activities.

All sitting.   All concur.

Entered:   May 22, 2008.

/s/ Joseph E. Lambert
CHIEF JUSTICE