TO BE PUBLISHED
Supreme Court of Kentucky
2008-SC-000930-KB
FINAL
DATE 2-3-09 ᵉ¹⁻ᴬ⁻ Grouᵃᵗ⁴ DC

BURGESS L. DOAN                                                    MOVANT


V.                                    IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                  RESPONDENT


OPINION AND ORDER

The Movant, Burgess L. Doan, KBA Member Number 18470, 6951 Royalgreen Drive, Cincinnati, Ohio 45244, moves this Court to withdraw his membership to the Kentucky Bar under terms of permanent disbarment pursuant to SCR 3.480(2). The Kentucky Bar Association ("KBA") has no objection to the granting of Movant's motion. For the reasons set forth herein, we grant Movant's motion.

The disciplinary proceedings against Movant stem from a civil complaint filed in the Campbell Circuit Court in June 2001. The case, styled First Start Bank, et. al. v. Doan, et. al.,[1] concerned Movant's dealings with First Start Bank and his representation as trustee for the Browning family. At the time of his representation of the Browning family, Movant was licensed to practice in both Kentucky and Ohio. In October 2001, the KBA Inquiry Commission issued a complaint against Movant in KBA File 8732 concerning the same

---

[1] Campbell Circuit Court, Case No. 01-CI-00783

factual allegations as the civil suit. That complaint was held in abeyance until the settlement of the civil suit in July 2004.

Based on the civil suit, the Ohio Supreme Court issued a disciplinary complaint against Movant alleging violations of their Code of Professional Responsibility. Movant voluntarily resigned from the Ohio Bar in April 2006. This terminated Ohio's disciplinary actions against him. Thus, no reciprocal discipline is available under SCR 3.435 to punish Movant.

In June 2007, the KBA Inquiry Commission issued several charges against Movant. These charges included that Movant violated SCR 3.130-1.7(b) by representing the Browning family while his representation was materially limited by his own interests; that he violated SCR 3.130-1.8(a) by entering into certain business transactions which were adverse to the Browning family; and that he violated SCR 3.130-8.3(c) by keeping relevant facts hidden from his clients and investors to induce them to invest in his business ventures.

Movant now moves pursuant to SCR 3.480(2) to resign permanently from the Kentucky Bar and terminate the above disciplinary proceedings. The KBA has no objection to Movant's motion and believes that granting Movant's motion is supported by Kentucky law. See Sexton v. Kentucky Bar Association, 253 S.W.3d 54 (Ky. 2008) (granting a motion for permanent disbarment when attorney was charged with multiple violations of our Professional Code of Conduct). In light of the seriousness of the charges against Movant, and his implied admission of guilt regarding the charges, we grant his motion. Thus, it is ORDERED that:

1) Movant, Burgess L. Doan, KBA Number 18470, motion to withdraw his membership in the Kentucky Bar Association under terms of permanent disbarment is granted. Movant thusly, may never apply for reinstatement to the Bar under the current rules;

2) Movant in accordance with SCR 3.390, shall notify all Courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar matters, of his inability to continue representation;

3) Movant shall immediately cancel and cease any advertising activities in accordance with SCR 3.390;

4) All current bar disciplinary proceedings against Movant are hereby terminated;

5) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings in the amount of $51.10 for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

Entered January 22, 2009.

_____
CHIEF JUSTICE

3